IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,912-01






EX PARTE MARCOS DOMINGUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-05-500523 IN THE 167TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and sentenced to eight years' imprisonment. 

 Applicant contends that the Board of Pardons and Paroles imposed "Special Condition X"
as a condition of his parole without the due process required by current federal case law. Meza v.
Livingston, 607 F.3d 392 (5th Cir. 2010). The trial court agrees and recommends that the special
conditions included in Special Condition X be removed unless and until applicant is granted the
process mandated by the Meza decision. 

 The habeas record contains a response filed by the Attorney General objecting to the
application on several grounds. Shortly after those objections were filed, the Travis County District
Attorney filed an "Advisory" and Motion to Dismiss as Moot alleging that the Board of Pardons and
Paroles voted on December 30, 2010 to withdraw "condition X" from Applicant's release. The
State's pleadings were not verified and contained no documentation supporting the statement that
the Parole Board had, in fact, taken such a vote. Applicant's habeas counsel responded, contending
that the State's "averment" is an insufficient basis upon which to decide that the case is moot. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant is represented by counsel. If the trial court elects to hold a hearing and applicant
is no longer represented by counsel, the court shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the Board of Pardons and Paroles has
removed the sex offender special condition from Applicant's release and if not, whether they have
established procedures to comply with Meza v. Livingston. (1)

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 2, 2011

Do not publish
1. 607 F.3d 392 (5th Cir. 2010)